IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

      Plaintiff,                         No. CIV S-08-2799 GEB EFB

      vs.

MARK D. GRANITE, and
DAVID SEUNG KIM,

      Defendants.                 FINDINGS AND RECOMMENDATIONS

                            /

On May 6, 2009, this court heard plaintiff's motion for default judgment, pursuant to Fed. R. Civ. P. 55(b), against defendant David Seung Kim.[1]  Plaintiff Scott Johnson, an attorney, appeared at the hearing and represented himself.  No appearance was made on behalf of defendant David Seung Kim (hereafter, "Kim").

The only other defendant, Mark D. Granite, doing business as Original Granites restaurant, was dismissed from this action on January 8, 2009.  *See* Dckt. No. 5 and further docket entry dated January 8, 2009.  Defendant Kim is the owner of the subject property.  *See* Compl., Exh. 1.

---

[1] This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1).

1

Upon review of the motion, supporting documents, plaintiff's oral argument, and good cause appearing, the court makes the following findings, and recommends that plaintiff's motion be granted.

BACKGROUND

The complaint, made pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*., was filed on November 20, 2008. A certificate of service, filed February 10, 2009, demonstrates that the summons and complaint were personally served on defendant Kim, on January 21, 2009. Dckt. No. 7.

On February 18, 2009, pursuant to plaintiff's request, the Clerk of Court entered the default of defendant Kim. Dckt. Nos. 8, 10. Plaintiff's request for entry of default provides that defendant "has failed to appear, plead, defend, reply, or otherwise respond to the Complaint." Dckt. No. 8. While defendant was not served with plaintiff's request for entry of default or the Clerk's entry of default, these omissions come within the exception for service upon a defaulting party. *See*, Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear").

Plaintiff filed the instant motion for default judgment on March 17, 2009, Dckt. No. 12, which was served by mail on the same day upon defendant Kim. Dckt. No. 12, at p. 5.

DISCUSSION

Process has been served upon defendant Kim, who has not appeared in this action. *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).

Entry of default pursuant to Fed. R. Civ. P. 55(a) effects defendant's admission of the well-pled factual allegations of the complaint, except those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), *Anderson v. Air West*, 542 F.2d 1090, 1093

(9th Cir. 1976).

Pursuant to the default of defendant Kim, the court finds that the complaint states the following claims for which relief can be granted, specifically:

1. Plaintiff is a "person with a disability" and "physically handicapped person," pursuant to 42 U.S.C. § 12102(2)(A), and 28 C.F.R. § 36.104. Compl., at ¶ 1.

2. Defendant David Seung Kim is the owner of the subject property, a restaurant with a parking lot, located at 6749 Rio Linda Blvd, Rio Linda, California, which is a public accommodation as defined by 42 U.S.C. § 12181(7), and 28 C.F.R. § 36.104. Compl., at ¶ 2.

3. In August 2008, plaintiff visited the subject property to dine at the restaurant but, due to the architectural barriers of "properly configured disabled parking space(s) including the lack of a van accessible disabled parking space [no disabled parking at all], accessible route, accessible restrooms, accessible dining area, accessibility signage, striping, and accessible cashier/service counter," plaintiff was prevented from enjoying full and equal access to the restaurant. Compl., at ¶ 3.

4. In a letter dated August 19, 2008, mailed on the same date, plaintiff informed defendant about the lack of accessibility and requested that the property be brought into conformity within 90 days. Defendant did not respond. *Id.*

5. From August 2008 to November 2008, plaintiff returned to the subject property two additional times and again encountered the architectural barriers.[2] *Id.*

////

////

---

[2] Plaintiff also alleges that he had five foregone visits to the subject property. However, as explained at the hearing, the court finds that plaintiff's general allegation of foregone visits is inadequate to sustain statutory damages, and recommends that the instant damages award be limited to plaintiff's actual visits. *Cf. Lentini v. Cal. Center for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004) (allegation of foregone visits supported by plaintiff's evidence that she had season tickets to the theater); *accord Munson v. Del Taco, Inc.*, __ Cal.Rptr.3d __, 2009 WL 1619783, *10 (2009) (statutory damages based on claims filed on or after January 1, 2009, shall be limited to actual visits).

3

6. Plaintiff seeks an award of statutory damages pursuant to Cal. Civ. Code § 52, and injunctive relief requiring the removal of all architectural barriers, and implementation of any necessary alterations, to provide plaintiff and others similarly situated access to the services offered by the subject property, to the same extent such services are made available to the non-disabled public. *Id.*, at pp. 17-18.

The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment, pursuant to Fed. R. Civ. P. 55(b), support the finding that plaintiff is entitled to the relief requested. There are no policy considerations that preclude the entry of default judgment of the type requested. *See Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

CONCLUSION

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment as to defendant David Seung Kim, be GRANTED;

2. Statutory damages pursuant to Cal. Civ. Code § 52 be awarded for each of plaintiff's three actual visits to the subject property, in the total amount of $12,000; and

3. Injunctive relief be granted against defendant David Seung Kim requiring that the subject property provide a properly configured van-accessible disabled parking space with an accessible route to accessible cashier service counter and compliant men's restroom, in conformity with the Americans with Disabilities Act Accessibility Guidelines, as set forth in 28 C.F.R. Part 36.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

1 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
2 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: July 8, 2009.

    _____
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE